IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYTON LEBAR,** | : | No. 3:02cv2380 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **SAL P. BAHL; SHARA** | : | |
| **SAVIEKIS; STACIE GILL; and** | : | |
| **BONNIE E. L. MYLES;** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the Court for disposition are Plaintiff Dayton Lebar's Motion to Compel Discovery and Defendants' Motion for Summary Judgment. The Motion to Compel has been fully briefed and is ripe for disposition. For the following reasons, we will grant the Motion to Compel in part and reopen discovery. We will therefore dismiss the Motion for Summary Judgment without prejudice as premature because further discovery is necessary.

I.   **Background**

Plaintiff presently has one claim pending against the defendants. Defendants Sahl Bahl and Shara Saviekis are Administrators of the Monroe County Children and Youth Services ("CYS"). Defendants Stacie Gill and Bonnie Myles are CYS caseworkers. Plaintiff alleges that when CYS took his daughter into protective custody in October 2000, the defendants violated his due process rights by failing to interview him, failing to involve him in the development of a Family Service Plan, failing to confer with him within the required 48 hours, and failing to conduct an informal hearing within the required 72 hours, all in

violation of state law.

In discovery, Plaintiff served the defendants with a request for production requesting essentially every document or item of information that relates to him or his children in any way, as well as all procedures, policies and rules of CYS. (Mot. to Compl. Ex. A). The defendants provided only those documents that related to the 72 hour period after it retained custody of Plaintiff's daughter. Plaintiff now seeks to compel the production of all of the requested information, and the defendants oppose the motion by arguing that Plaintiff's request is overly broad.

**II.     Discussion**

While we agree that some of Plaintiff's requests may seek documents beyond the scope of discovery, this does not relieve the defendant's duty to respond to the request as required by the Federal Rules of Civil Procedure. The rule regarding requests for the production of documents provides:

> [T]he party upon whom the request is served shall serve a written response within <u>30 days</u> after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event <u>the reasons for the objection shall be stated</u>. If objection is made to part of an item or category, the part <u>shall be specified</u> and inspection permitted as to the remaining parts.

FED. R. CIV. P. 34(b) (emphasis added).

Plaintiff argues that the defendants never responded to his requests. The defendants

2

do not contest this argument.  Rather, they argue that the request is overbroad.  Even assuming that the defendants are correct, they are required to respond with objections to each request, and specify the objectionable portions of the request.  The defendants are not at liberty to simply ignore discovery requests they deem overbroad or burdensome.

Furthermore, we find that the defendants have unduly circumscribed their discovery responses.  The defendants do not present specific objections to each request.  Rather, they broadly object to any document that is not relevant the 72 hour period immediately following the time they took custody of Plaintiff's daughter.  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P.  26(b)(1).   The defendants may not limit discovery to solely those documents that are relevant to a single 72 hour period, but rather must produce documents that are reasonably calculated to lead to the discovery of admissible evidence in all issues in the case.  Plaintiff claims that the defendants violated his rights by taking his daughter into custody without affording him the proper procedural protections.  That some of the procedural protections were required to be granted in a 72 hour period does not limit the relevant evidence of the entire case to documents relating solely to that period, as there are many other issues.  Indeed, the defendants themselves raise other issues, particularly in their eight separate affirmative defenses, which include violation of the statute of limitations, qualified immunity, and the absence of *respondeat superior* liability.  In fact, in their motion for summary judgment, the defendants argue that they are not liable because 42 U.S.C. §

3

1983 liability cannot be predicated on *respondeat superior* and it was their attorney who was responsible for providing the protections at issue.  This argument places the relationship between CYS employees and the attorney directly at issue, and also calls into question who at CYS is responsible for ensuring compliance with procedures.  Thus, CYS policies and procedures relating thereto would certainly be discoverable as reasonably calculated to lead to admissible evidence.

Therefore, we will grant the Motion to Compel in part.  We will order the defendants to respond to Plaintiff's request for documents, attached as Exhibit A to the Motion to Compel, either by producing the requested documents or specifically objecting to the individual requests and stating the grounds for the objection. The parties shall proceed with discovery from that point solely on the remaining issues in the requests in Exhibit A to the Motion to Compel.  We will dismiss the motion for summary judgment and reopen discovery to allow the parties to resolve these issues.  Given the already long history of this case, and that Plaintiff had ample time to file a motion to compel during the previous discovery period but waited until the last minute, we will require an expedited discovery schedule.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAYTON LEBAR,** | : | No. 3:02cv2380 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| | : | |
| **SAL P. BAHL; SHARA** | : | |
| **SAVIEKIS; STACIE GILL;and** | : | |
| **BONNIE E. L. MYLES;** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 1st day of December 2005, Plaintiff's Motion to Compel (Doc. 96) is hereby **GRANTED** in part.  It is hereby **ORDERED** that

1. Defendants must file a response to Plaintiff's Request for Documents on or before December 7, 2005, containing responses consistent with the requirements of the Federal Rules of Civil Procedure.

2. Discovery is hereby **REOPENED**, and Defendants' Motion for Summary Judgment (Doc. 94) is hereby **DISMISSED** without prejudice as premature.

3. The case management deadlines are hereby set as follows:

Discovery: Jan. 13, 2006             Dispositive Motions: Jan. 25, 2006

Plaintiff's Expert Report: Jan. 13, 2006   Defendants' Expert Report: Jan.13, 2006

**WE WILL NOT CONSIDER ANY DISCOVERY MOTION FILED AFTER JAN. 13 2006 AND WE WILL GRANT NO FURTHER EXTENSIONS.**

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**