IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAYTON LEBAR,** : | **No. 3:02cv2380** |
| **Plaintiff** : | |
| : | **(Judge Munley)** |
| v. : | |
| : | |
| **SAT P. BAHL,** : | |
| **SHARA SAVIEKIS,** : | |
| **STACIE GILL, and** : | |
| **BONNIE E.L. MYLES,** : | |
| **Defendants** : | |

## Memorandum

Before the court are defendants' second motion for summary judgment (Doc. 123) and plaintiff's motion to compel discovery (Doc. 131). The matters have been fully briefed and are ripe for decision.

## Background

Plaintiff initiated the instant case by filing a complaint in this court on December 31, 2002. (Doc. 1). Plaintiff's *pro se* complaint alleged that the Monroe County, Pennsylvania Children and Youth Services Department and various employees of that agency had violated his constitutional due process rights, invaded his right to privacy, failed to provide him with treatment, breeched his right to confidentiality, defamed his character, and handled his case in a negligent fashion when the agency removed his daughter from their home and placed her in protective custody. (Id. at 1). He sued pursuant to 42 U.S.C. §1983. (Id.). Plaintiff alleged the

Monroe County Department of Children and Youth Services had violated his rights under 55 PA. CODE §3130.61, 42 PA. CONS. STAT. §6332, and 23 PA. CONS. STAT. § 6315(d) and (f) by not informing him within 48 hours that his daughter had been taken into protective custody and not holding an informal hearing regarding his daughter's status within 72 hours of removing her from the family home. (Id.). Plaintiff is a prisoner held by the Pennsylvania Department of Corrections. All of these claims arose either out of the child-abuse case that led to his imprisonment or earlier county charges regarding the plaintiff and his daughter, one of the children plaintiff pled guilty to abusing.[1] Plaintiff was arrested at the same time the agency took his daughter into protective custody.

After the plaintiff amended his complaint to add parties and facts (See Amended Complaint (Doc. 15)), this court granted defendant's motion to dismiss the claims against all defendants for failure to state a claim upon which relief could be granted. (See Memorandum and Order, filed February 18, 2004 (Doc. 60)). On February 9, 2005, the Third Circuit Court of Appeals affirmed in part and reversed in part the court's opinion in this case See LeBar v. Monroe County Children and Youth Services, No. 03cv2380, slip op. (3d Cir. February 9, 2005) (Hereafter "Slip Op."). That court found that we erred in dismissing the plaintiff's procedural due process

---

[1] Defendants include in their filings copies of agency and court reports from the events that led to the plaintiff's arrest and guilty plea. We note that defendants did not succeed in their attempts to redact the name of plaintiff's daughter completely and urge them to be more thorough in the future.

claims against defendants Bahl, Saveikis, Gill, and Myles for "failing to comply with the procedures required by state law, especially with regard to the 72-hour limit for holding a post-deprivation informal hearing" when the county took custody of plaintiff's daughter. Id. at 9. The Circuit Court remanded the case to this court to consider plaintiff's claim that the remaining defendants had violated his right to procedural due process. Id. at 10.

The four remaining defendants filed an answer to plaintiff's complaint on April 5, 2005 (Answer to Amended Complaint by Sal. P. Bahl, Shara Saviekis, Stacie Gill, Bonnie E.L. Myles (Doc. 71)). The defendants asserted in part that plaintiff's complaint was barred by the statute of limitations (Id. at ¶ 1). They also claimed either absolute or qualified immunity from suit, denied that plaintiff could state a claim based on supervisory or respondeat superior liability, and asserted other defenses based on state law and the plaintiff's own conduct. (Id. at ¶¶ 2-8). After a plethora of filings from both sides regarding discovery and other issues, the defendants on March 6, 2006 filed a second motion for summary judgment. (See Defendants' Second Motion for Summary Judgment (Doc. 123)). Subsequent to that motion, plaintiff filed a motion to compel discovery (See Plaintiff's Motion to Compel Discovery pursuant to FED. R. CIV. PRO. 37 (Doc. 131)). These motions have been fully briefed and are now ripe for disposition.

**Legal Standard**

Granting summary judgment is proper if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers

to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Plaintiff's Claim is Barred by the Statute of Limitations**

Defendants argue that the claims that remain for the plaintiff after the decision by the appellate court are barred by the statute of limitations for 42 U.S.C. §1983 claims. State law applies to §1983 claims when determining the appropriate statute of limitations "if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 265 (1985). For cases brought in Pennsylvania, "all §1983 claims should be characterized for statute of limitations purposes as actions to recover damages for injuries to the person." Springfield Township School District v. Knoll, 471 U.S. 288, 289 (1985). Applying that principal, Pennsylvania law requires that the plaintiff commence his action within two years of his injury. See 42 Pa. CONS. STAT .ANN. §5524(7) (establishing a two-year statute of limitations for "any . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"). Pennsylvania courts have ruled that the statute of limitations begins to run in cases where an injury is ongoing "when the plaintiff knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's misconduct." Cathcart v. Keene Indus. Insulation, 471 A.2d 493, 500 (Pa. Super. Ct. 1984).

Plaintiff agrees that a two-year statute of limitations applies to his case. (Plaintiff's Brief in Support of His Objection to Defendant's Second Motion for Summary Judgment (Doc. 129) at 7). Plaintiff argues, however, that he did not

discover his due process rights had been violated until he began to research Pennsylvania law in preparation for filing this complaint. (Id. at 8). He contends that the statute of limitations was tolled until he made this discovery in the prison law library, and that he timely filed his complaint after he found he had a claim. (Id.). The "discovery rule" applies in this case, plaintiff contends, and the statute of limitations should have been tolled "until the point where the complaining party knows or should know that the has been injured and that his injury has been caused by another party's conduct." Crouse v. Cyclops Indus., 560 Pa. 394, 404 (2000). Plaintiff also argues, citing to Illinois law, that the statute of limitations had not run for "many" of his claims, since what he terms "tortious" conduct by the defendant continued well into 2004. (Plaintiff's Brief at 8.).

    We find that the plaintiff failed to file his claim in a timely fashion. Plaintiff's injury came when the county took his daughter into protective custody and failed to follow proper procedure in reviewing her status. Plaintiff clearly knew of this injury on October 25, 2000, when he signed a receipt acknowledging that action. (See Notice of Placement of Child in Protective Custody (Doc. 124-2)). He attended the hearing on November 6, 2000 that ruled on the agency's emergency petition for protective custody of his daughter. (See Order of Judge Peter J. O'Brien, Monroe County Court of Common Pleas, November 6, 2006 (Doc. 124-8)). He knew that the agency was the cause of that injury, and needed only to investigate the particular claim he could bring. While plaintiff may not have known the precise cause of

6

action he had against the agency, he knew he was injured and could have investigated the law before bringing a claim. Reasonable diligence–research in the jail's law library–would have led him to the cause of action for procedural due process he eventually filed. The statute of limitations either began to run when the agency failed to hold a hearing within seventy-two hours of taking plaintiff's daughter into protective custody on October 25, 2000 or on November 6, 2000, when a court held that hearing. The discovery rule does not apply and the statute of limitations had run before plaintiff filed his suit. See Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1042 (Pa. 1992) (finding that "it is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period."); Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983) (holding that "a court presented with an assertion of applicability of the 'discovery rule' must, before applying the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action."). We disagree with the plaintiff that his claim began to accrue only when he discovered the precise statute he says defendant violated. If that were the legal rule, all statutes of limitation would be tolled until a lawyer could discover a particularly applicable cause of action.

We also reject plaintiff's argument that his injury was ongoing, and that he therefore did not need to file his claim within the two-year statute of limitations from

the date of the original injury. Even if we could accept that a plaintiff can bring a claim at any time after the onset of an ongoing injury, we would not find that the principle applies here. Plaintiff's remaining claim deals with the injury that first accrued when the state took his daughter into protective custody in alleged violation of his rights under Pennsylvania law. This procedural injury occurred at the time agency officials took plaintiff's daughter into custody, and was not ongoing at the time he filed suit. Plaintiff, incarcerated since the original incident and with no means of gaining custody of his now-adult daughter, cannot claim a continuing injury from the agency's conduct. See Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (finding that a prisoner could not claim continuing violation from continued incarceration because he had "not alleged unlawful acts by appellees within the limitations period."). Therefore, at the latest, the plaintiff's injury occurred on November 6, 2000, when the courts held a hearing to determine plaintiff's daughter's custodial status. Since the plaintiff did not file his suit until December 2002, he failed to comply with the two-year statute of limitations for claims under 42 U.S.C. §1983, and we will grant the defendants' motion on those grounds.

**Other Grounds for Granting Summary Judgment**

Though we could grant summary judgment solely on the grounds that plaintiff's claim is barred by the statute of limitations under §1983, we find as well that other reasons exist for granting summary judgment to the defendants. In the interest of completeness, we will address those claims as well.

## A. Notification of Protective Custody

The Third Circuit Court of Appeals found that plaintiff stated a claim upon which relief could be granted that his procedural due process rights were violated by alleging that defendant had failed to comply with state law by notifying him that his daughter had been taken into protective custody within 48 hours of that action. Slip. Op. at 9. That court also found that plaintiff had stated a potential procedural due process claim upon which relief could be granted by alleging that the agency had violated state law by failing to hold a hearing within 72 hours of taking his daughter into custody.[2] (Id.). Defendants have introduced evidence that demonstrates conclusively that they informed defendant that his daughter had been taken into protective custody within 24 hours of that action, as required by state law. See PA.

---

[2]The relevant statute is 42 PA. CONS. STAT. §6332(a), which states in relevant part:

> An informal hearing shall be held promptly by the court or master and not later than 72 hours after the child is placed in detention or shelter care to determine whether his detention or shelter care is required under section 6325 (relating to detention of child), whether to allow the child to remain in the home would be contrary to the welfare of the child and, if the child is alleged to be delinquent, whether probable cause exists that the child has committed a delinquent act. Reasonable notice thereof, either oral or written, stating the time, place, and purpose of the hearing shall be given to the child and if they can be found, to his parents, guardian, or other custodian. Prior to the commencement of the hearing the court or master shall inform the parties of their right to counsel and to appointed counsel if they are needy persons, and of the right of the child to remain silent with respect to any allegations of delinquency. If the child is alleged to be a dependent child, the court or master shall also determine whether reasonable efforts were made to prevent such placement or, in the case of an emergency placement where services were not offered and could not have prevented the necessity of placement, whether this level of effort was reasonable due to the emergency nature of the situation, safety considerations and circumstances of the family.

CONS. STAT. § 6315(c); (Notice of Placement in Child Protective Custody (Doc. 124-2)). Plaintiff does not deny he signed this written form notifying him that his daughter had been taken into protective custody on October 25, 2000, within 24 hours of the agency action. Accordingly, the defendants have submitted uncontroverted evidence that they complied with the requirements of the law for notifying plaintiff of the agency's action. Defendants would be entitled to judgment as a matter of law on this question, and we will grant them summary judgment on this claim.

## B. The 72-hour Waiting Period

Even if plaintiff had established that defendants violated 42 PA. CONS. STAT. §6332(a) by not holding a hearing within 72 hours of taking his daughter into custody, summary judgment for defendants would still be appropriate. To establish a procedural due process claim, a plaintiff must demonstrate that he was deprived of a fundamental liberty interest, and that the procedures used to affect that deprivation were deficient. To determine whether the process used by the state to deprive a plaintiff of his rights is constitutional, courts must determine "first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Miller v. City of Philadelphia, 174 F.3d 368, 373 (3d Cir. 1999). The inquiry into whether plaintiff's

due process rights were violated by the procedures used cannot stop at the question of whether the agency followed state law, since "federal constitutional standards rather than state statutes define the requirements of procedural due process." Robinson v. Via, 821 F.2d 913, 923 (2d Cir. 1987); see also Davis v. Scherer, 468 U.S. 183, 186 (1984) (finding that "officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.").

The evidence here indicates that no reasonable jury could find that the procedures used by the agency, even if they violated state law, failed to provide plaintiff with all the process due him under the United States Constitution. Courts have determined that a fundamental liberty interest exists for parents in the care and management of their children. See Miller, 174 F.3d 374. The plaintiff clearly claims injury to an important interest, and courts must ensure that procedures used in the case adequately addressed the parent's interest. Here, plaintiff's claimed procedural interest was in an informal hearing held within 72 hours of the agency's taking his daughter into custody. The agency probably violated state law in not holding that hearing until November 6, 2000, more than a week after taking custody of plaintiff's daughter. Under normal circumstances, this court would likely find that a reasonable juror could find for a plaintiff who had been forced to wait several days to participate in an informal hearing regarding the custody of his child. That finding would apply even if, as here, a plaintiff participated in all hearings related to his child's custody,

was represented in those hearings, and was kept informed of the status of his child. The liberty interest involved is one that requires agencies to move both quickly and carefully, and to ensure that parents and children are not separated longer than necessary. Here, however, the circumstances mean that there was little risk of an erroneous deprivation. Plaintiff admitted to abusing his daughter and was incarcerated at the time that the agency took custody, and had no opportunity to take custody of the child, whenever the agency held a hearing. The hearing that was held kept the plaintiff as aware as necessary of his daughter's custodial status. The additional procedure requested by the plaintiff–another hearing, presumably–would not change the outcome.[3] We therefore find that no reasonable jury could find that defendants violated plaintiff's procedural due process rights based on the evidence in this case.

## C. Qualified Immunity

Defendants argue that they should enjoy qualified immunity from suit under §1983 for their actions in setting up a hearing regarding custody of plaintiff's daughter. (Brief in Support of Defendants' Second Motion for Summary Judgment (Doc. 125) at 19).

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate

---

[3]Since plaintiff's child is now an adult, we could not order additional procedures that would change the outcome of the original decision. We also doubt that any jury could award plaintiff any damages, given the facts of the case.

clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Determining whether qualified immunity applies is a two-step process: "First, the court must determine whether the facts alleged show that the defendant's conduct violated a constitutional or statutory right." Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006). If a court finds that a defendant violated a constitutional or statutory right, then "the court must determine whether the constitutional or statutory right allegedly violated by the defendant was 'clearly established.'" Id.; see also Doe v. County of Centre, 242 F.3d 437, 454 (3d Cir. 2001) (defining test as "(1) whether the plaintiffs alleged a violation of their statutory or constitutional rights; (2) whether the right alleged to have been violated was clearly established in the existing law at the time of the violation; and (3) whether a reasonable official should have known that the alleged action violated the plaintiff's rights."). A right is clearly established when its meaning is "sufficiently clear that a reasonable official would understand what he is doing violates that right." Saucier v. Katz, 533 U.S. 194, 202 (2001). Mistakes about the governing legal standard can be evidence that the right is not clearly established: "qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." Brosseau v. Haugen, 543 U.S. 194, 198 (2004); see also Shea v. Smith, 966 F.2d 127, 130 (finding that "if the law at that time was not clearly established, an official could not reasonably be expected to 'know' that the

law forbade conduct not previously identified as unlawful.").

In this case, there is evidence that a reasonable juror could determine that defendants violated plaintiff's statutory rights by failing to provide him with a hearing within 72 of taking his daughter into protective custody. The statute at issue here states that "An informal hearing shall be held promptly by the court or master not later than 72 hours after the child is placed in detention or shelter care." 42 Pa. C. S. §6332(a). Since plaintiff clearly did not have his hearing within 72 hours, the agency violated a statutory right. The question, therefore, is whether this right was clearly established, or if "reasonable officials in the defendants' position at the relevant time could have believed that, in light of what was in the decided case law, that their conduct would be lawful." Good v. Dauphin County Soc. Servs. for Children & Youth, 891 F.2d 1087, 1092 (3d Cir. 1989).

Defendants argue that they could reasonably have believed they acted as the law required in forwarding to the agency solicitor the information required to file an emergency dependency petition within 24 hours of taking the child into custody, especially since the solicitor filed the emergency petition within 48 hours. (Brief in Support of Defendants' Second Motion for Summary Judgment (Doc. 125) at 20). The Monroe County Court of Common Pleas, defendants argue, decided when to hold the hearing, and "since they had no power in any event to change the timing of that [hearing] it is hard for a reasonable person in their position to imagine how they can be responsible for the court's delay." (Id.).

We agree that the statutory right here was not so clearly established that defendants would be ineligible for qualified immunity. The officers in question were not lawyers or court officials who could be expected to set the date for a hearing. While the defendants here may have done more to press for a hearing in the 72-hour window the law establishes, those defendants could reasonably have expected their attorney and the court would hold the hearing within a timely period. The defendants could have decided that they met their obligation under the law by advancing the case to the point where a hearing could take place and reasonably relied on the officers of the court to set the hearing within the prescribed time frame. Even if the defendants misinterpreted the role they were required to play in ensuring the hearing took place within the required time frame, their assumptions about their legal responsibilities were not unreasonable and thus they are eligible for immunity. See, e.g. Robinson v. Via, 821 F.2d 913, 922 (2d Cir. 1987) (finding that "a violation of state law neither gives [plaintiff] a §1983 claim nor deprives defendants of the defense of qualified immunity to a proper §1983 claim."). Accordingly, we find that defendants are entitled to qualified immunity in the case and would dismiss on those grounds.

**D. Respondeat Superior Liability**

Defendants also argue that they should not be held liabile for depriving plaintiff of his statutory rights because they "had no personal role in filing the final emergency petition or in scheduling the court's hearing" on protective custody. (Brief

15

in Support of Second Motion for Summary Judgment at 18). They note that "it is well-established that liability in a §1983 action must be predicated upon personal involvement, not on the basis of respondeat superior." (Id.). See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998). As we have already determined that defendants should be granted summary judgment on other grounds, we need not address whether such immunity applies in the case. We will not determine whether the fact that defendants directed an attorney to file a petition within the prescribed legal period absolves them of liability for the court's failure to hold a hearing within that time frame.

**Plaintiff's Motion to Compel Discovery**

Also pending before this court is plaintiff's motion to compel discovery pursuant to FED R. CIV. PRO. 37 (Doc. 131), filed May 8, 2006. Because we have granted summary judgment to the defendants, we will deny the plaintiff's motion as moot.

**Conclusion**

Because the plaintiff failed to meet the applicable statute of limitations in this case, we will grant the defendants Sat P. Bahl, Shara Saviekis, Bennie E. L. Myles and Stacie Gill's motion for summary judgment. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAYTON LEBAR,** : | No. 3:02cv2380 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| v. : | |
| **SAT P. BAHL,** : | |
| **SHARA SAVIEKIS,** : | |
| **STACIE GILL, and** : | |
| **BONNIE E.L. MYLES,** : | |
| **Defendants** : | |

## ORDER

**AND NOW**, to wit, this 28th day of November 2006, the defendants' second motion for summary judgment (Doc. 123) is hereby **GRANTED**. The plaintiff's motion to compel discovery (Doc. 131) is hereby **DENIED**. The clerk of court is directed to close the case.

By the Court:

s/ James M. Munley
Judge James M. Munley
United States District Court